|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

TYRONE NOEL NUNN,

                       Plaintiff,

v.

DISTRICT OF NEVADA/STATE OF NEVADA, et al.,

                       Defendants.

Case No. 3:23-cv-00468-ART-CLB

ORDER

Plaintiff Tyrone Nunn brings this civil-rights-action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Ely State Prison ("ESP"). (ECF No. 13). On July 12, 2024, this Court ordered Nunn to file his updated address and file a motion either to substitute the true name of ESP Doe Doctor or for the Court to issue a subpoena duces tecum for the NDOC to produce that person's true name by August 26, 2024. (ECF No. 29 at 18). That deadline expired without compliance or any response by Nunn, and his mail from the Court was returned as undeliverable. (ECF No. 30). The Court considered alternatives to dismissal and entered a second order setting November 19, 2024, as another deadline for Nunn to provide his updated address. (ECF No. 31). Because it appeared that Nunn had been transferred to High Desert State Prison, the Court sent both of its orders to ESP and HDSP. (ECF Nos. 29, 31). But the second deadline expired without compliance or any response to Nunn, and his mail from the Court was returned as undeliverable. (ECF Nos. 32, 33).

**I.     DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v.*

*King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without the ability for the Court and the defendants to send Nunn case-related

documents, filings, and orders and without Nunn's compliance with the Court's orders, the only alternative is to enter a third order setting another deadline. But repeating an ignored order often only delays the inevitable and further squanders the Court's finite resources. There is no indication that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Tyrone Nunn's failure to file an updated address and a motion to substitute or for a subpoena duces tecum in compliance with this Court's July 12 and September 20, 2024, orders. The Clerk of the Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now closed case. If Tyrone Nunn wishes to pursue his claims, he must file a complaint in a new case, under a new case number, provide the Court his correct address, and either pay the required filing fee or apply for *in forma pauperis* status.

It is further ordered that Nunn's application to proceed *in forma pauperis* (ECF No. 16) is denied as moot.

DATED THIS 13th day of December 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE